**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| RICHARD MA and FRED DEVEREAUX, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 1:23-cv-12059 |
| BRIAN CONWAY, individually and on behalf of all similarly situated persons,<br><br>    Plaintiff,<br>  v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 1:23-cv-12076 |
| PAMELA BROWN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 3:23-CV-12101 |

| | |
|---|---|
| LYNNE ALEXANDEROWICS, individually and on behalf of all similarly situated persons,<br><br>          Plaintiff,<br>  v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>          Defendants. | Case No. 4:23-cv-40125 |
| BRIAN RAY, individually and on behalf of all similarly situated persons,<br><br>          Plaintiff,<br>  v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>          Defendants. | Case No. 1:23-cv-12214 |
| VERONICA GREGORY, individually and on behalf of all similarly situated persons,<br><br>          Plaintiff,<br>  v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>         Defendants. | Case No. 1:23-CV-12225 |

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO <u>CONSOLIDATE RELATED ACTIONS</u>**

**I.    INTRODUCTION**

This motion is being filed only in the first-filed action above, *Ma et. al. v MAPFRE U.S.A. Corp. et. al.*, No. 1:23-cv-12059, as required pursuant to L.R. 40.1(j). Before the Court are six separately filed related cases: *Ma et. al. v MAPFRE U.S.A. Corp. et. al.*, No. 1:23-cv-12059;

2

*Conway v MAPFRE U.S.A. Corp. et. al.*, No. 1:23-cv-12076; *Brown v MAPFRE U.S.A. Corp. et. al.*, No. 3:23-CV-12101; *Alexanderowics v. MAPFRE U.S.A. Corp. et. al.*, No. 4:23-cv-40125; and *Ray et. al. v. MAPFRE U.S.A. Corp.,* No. 1:23-cv-12214; and *Gregory v. MAPFRE U.S.A. Corp. et al.*, No. 1:23-cv-12225 (collectively, the "Related Actions"). Consolidation of the Related Actions is appropriate because they arise from the same nucleus of operative facts: Defendants' data disclosure impacting at least 266,142 consumers, and their alleged practice of auto-populating or otherwise displaying driver's license numbers and other sensitive personally identifying information ("PII") on their website. Consolidation will provide complete resolution in one proceeding, avoiding serialized management of the cases and the inefficiencies that could result such as: duplication of pre-trial proceedings, the risk of inconsistent adjudications, and duplicative discovery and testimony of witnesses testifying on common issues in the Related Actions. The Related Actions are all in their infancy with only a Complaint filed in each with no responsive pleading yet filed. The Rule 42(a) consolidation standard is readily met here.

For the foregoing reasons and those that follow, the Court should grant this motion and enter the accompanying Proposed Order.

## II.    FACTUAL BACKGROUND

Defendants The Commerce Insurance Company and MAPFRE U.S.A. Corp. (together, "Defendants" or "MAPFRE") are Massachusetts-based insurers. In late August 2023, Defendants sent letters ("Notice Letter") to impacted consumers notifying them "of an incident that involved [their] personal information and, possibly, information about [their] vehicle(s)," and that the so-called "incident" had occurred between July 1 and 2, 2023 (the "Data Disclosure"). According to the Notice Letter, "an unknown party used information . . . which was already in the unknown party's possession—to obtain access to additional information about you through MAPFRE's

Massachusetts online quoting platform in Massachusetts." Defendants have determined that the Data Disclosure involved driver's license numbers obtained through Defendants' Massachusetts online quoting platform and may have also included the following additional vehicle information: "make, model, year, and vehicle identification number." According to Defendants, the Data Disclosure resulted in the PII of approximately 266,142 individuals—including Plaintiffs—being retrieved from Defendants' website.

Shortly after Defendants announced the Data Disclosure, the Related Actions were filed. The Related Actions arise from one nucleus of operative facts and a common occurrence: the Data Disclosure. In each Related Action, Plaintiffs allege that they suffered various injuries as a result of Defendants' failure to safeguard the PII and driver's license information. The Related Actions similarly allege, among other things, that Plaintiffs and class members have been injured by Defendants' knowing disclosure of their PII on Defendants' website and as a result of the Data Disclosure; that the PII Defendants disclosed is the type that should have received rigorous protection and should not have been auto-populated by Defendants on their website; and that despite knowing the PII is valuable to criminals, Defendants failed to take security precautions necessary to protect the PII. The Related Actions bring similar claims (e.g., negligence and violations of the federal Driver's Privacy Protection Act ("DPPA")) against common Defendants on behalf of overlapping classes involving individuals impacted by a common practice of Defendants and data disclosure incident.

### III.   ARGUMENT

#### A.   The Related Actions Should Be Consolidated

Rule 42(a) of the Federal Rules of Civil Procedure provides:

If actions before the court involve a common question of law or fact, the court may:
(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate

the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

"The threshold issue in determining whether to consolidate cases under Rule 42(a), Fed. R. Civ. [P.], is whether the two proceedings involve a common party and common issues of fact or law." *Gilliam v. Fid. Mgmt. & Research Co.*, Nos. 04-11600-NG, 04-11642-NG, 04-11651-MLW, 04-11709-MLW, 04-11735-GAO, 04-11756- MLW, 04-11812-MLW, 2005 U.S. Dist. LEXIS 10478, at *4 (D. Mass. May 3, 2005) (internal quotations omitted) (citing *Seguro de Servicio de Salud v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989)). If this threshold issue is met, then the Court can look to "the costs and benefits of consolidation" to determine if consolidation is appropriate. *Id*. "In considering the costs and benefits of consolidation, it is appropriate to consider and weigh the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and 'any confusion, delay or prejudice that might result from consolidation.'" *Id*. (quoting *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 834 F. Supp. 477, 487 (D. Mass. 1992)). Where no "demonstrable prejudice" exists, "consolidation is generally allowed." *Id*. at *5.

The Court enjoys substantial discretion in deciding whether to consolidate cases under Rule 42(a). *Allen v. Takeda Pharmaceutical U.S.A., Inc.*, No. 20-11452-LTS, 2020 WL 9848781, at *4 (D. Mass. Sept. 9, 2020). Class action suits are "particularly well-suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved." *See Carr v. Analogic Corp.*, Civil Action No. 18-cv-11301-ADB, 2018 U.S. Dist. LEXIS 174894, at *4 (D. Mass. Oct. 10, 2018) (internal citation and quotation omitted).

To this end, courts have recognized that consolidation is appropriate in data privacy cases where two or more cases arise from the same occurrence. *See, e.g.*, *Nuff v. Alvaria, Inc. et al.*, No. 1:23-cv-10999-ADB (D. Mass. July 14, 2023) (Dkt. No. 23) (granting motion to consolidate data privacy cases); *Debt Cleanse Group Legal Services, LLC v. GoTo Technologies U.S.A.*, No. 1:22-cv-12047-PBS (D. Mass. Apr. 14, 2023) (ECF No. 74) (same); *Smallman v. MGM Resorts International*, No. 20-cv-00376-JAD-NJK, 2020 WL 4431941, at *1 (D. Nev. July 31, 2020) (ordering consolidation in privacy case where plaintiffs agreed the cases "arise from the same events"); *Reynolds v. Cornerstone Nat'l Ins. Co.*, No. No. 22-CV-04140-WJE, 2023 U.S. Dist. LEXIS 37229, 2023 WL 2386765 (W.D. Missouri Mar. 6, 2023) (consolidating several DPPA cases arising from the same data breach); *Bickham, et al. v. Reprosource Fertility Diagnostics), Inc.,* No. 1:21-cv-11879-GAO (ECF No. 48) (D. Mass May 3, 2023) (granting motion to consolidate data privacy cases).

Here, consolidation will not prejudice any party and will promote judicial efficiency. The Related Actions share common questions of law and fact because they all arise out of the same alleged conduct and event, namely Defendants' practice of auto-populating and disclosing driver's license numbers and other PII on their online quote tool and the Data Disclosure. Each Related Action presents similarly defined nationwide classes of persons affected by the Data Disclosure. All Related Actions allege Defendants violated their duty to protect their customers' and plan members' PII and allege Defendants owe damages to those affected by the Data Disclosure. Additionally, the Related Actions raise common theories of recovery, as all complaints bring claims based on negligence and violations of the DPPA, among others, and seek declaratory and injunctive relief against Defendants. Since the Related Actions raise similar questions of law and fact, consolidation is appropriate*. See e.g., In re PRI Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d

138, 140 (D. Mass. 2001) (consolidating actions where the "complaint filed in each of these five cases is in essence the same complaint, including the same named defendants and the same allegations in support of the claims.").

Consolidation will serve the goals of judicial efficiency and precedential cohesion by eliminating duplicative and overlapping litigation. It will enable the Court to address the factual and legal issues raised in the Related Actions in one proceeding, streamlining the resolution of each case and avoiding inconsistency. *See Sea Salt, LLC v. Bellerose*, No. 2:18-cv-00413-JAW, 2021 U.S. Dist. LEXIS 72438, at *15–16 (D. Me. Apr. 15, 2021) (consolidating related actions because "it would be more economical" and "would reduce the risk of inconsistent verdicts"). Consolidation also will conserve judicial resources and ensure that there are no inconsistent results between the cases.

Finally, consolidation will not cause delay. Each Related Action is still at the pleading stage and no response to complaints has been filed in any of the Related Actions. Since each Related Action is still in its infancy, it is a practical and convenient time to consolidate the Related Actions. *See Allen v. Takeda Pharm. U.S.A.*, No. 20-11452-LTS, 2020 U.S. Dist. LEXIS 255651, at *9 (D. Mass. Sep. 9, 2020) (consolidating related actions and noting that "consolidation—especially at this early stage in the litigation—seems overwhelmingly likely to permit more efficient exploration and resolution of [plaintiff's] claims").

The requirements of Rule 42(a) are satisfied, and the Court should grant the requested consolidation.

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiffs Richard Ma, Fred Devereaux, Brian Conway, Pamela Brown, Lynne Alexanderowics, Brian Ray, and Veronica Gregory respectfully ask the Court to

grant their motion; consolidate the Related Actions; set a schedule for filing a consolidated complaint and a response, or alternatively, motion to dismiss briefing; and enter the proposed Order that memorializes the foregoing.

Date: September 29, 2023                     Respectfully submitted,

            By: */s/ Patrick J. Sheehan*
               Patrick J. Sheehan (BBO 639320)
               WHATLEY KALLAS, LLP
               101 Federal Street, 19th Floor
               Boston, Massachusetts 02110
               Telephone: (617) 203-8459
               Facsimile: (800) 922-4851
               psheehan@whatleykallas.com

               /s/ *Jason S. Rathod*
               Jason S. Rathod (*pro hac vice*)
               Nicholas A. Migliaccio (*pro hac vice*)
               MIGLIACCIO & RATHOD, LLP
               412 H Street, NE, Suite 302
               Washington, DC 20002
               Phone: 202-470-520
               Fax: 202-800-2730
               nmigliaccio@classlawdc.com
               jrathod@classlawdc.com

               *Counsel for Plaintiffs Richard Ma and Fred Devereaux*

            By: */s/ David Pastor*
               David Pastor (BBO 391000)
               **Pastor Law Office, PC**
               63 Atlantic Avenue, 3rd Floor
               Boston, MA 02110
               Tel: 617.742.9700
               Fax: 617.742.9701
               dpastor@pastorlawoffice.com

               *Local Counsel for Plaintiffs Brian Conway and Pamela Brown*

By: /s/ *Andrew W. Ferich*
Andrew W. Ferich (admitted *pro hac vice*)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
aferich@ahdootwolfson.com

Robert Ahdoot (admitted *pro hac vice*)
Tina Wolfson (admitted *pro hac vice*)
Carlynne Wagner (admitted *pro hac vice*)
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
rahdoot@ahdootwolfson.com
twolfson@ahdootwolfson.com
cwagner@ahdootwolfson.com

*Counsel for Plaintiff Brian Conway*

By: */s/ Mark B. DeSanto*
Mark B. DeSanto (admitted *pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
mdesanto@bm.net

E. Michelle Drake (admitted *pro hac vice*)
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5999
Fax: (612) 584-4470
emdrake@bm.net

*Counsel for Plaintiff Pamela Brown*

By: */s/ Gary F. Lynch*
Gary F. Lynch (*pro hac vice* to be filed)
Nicholas A. Colella
Patrick D. Donathen (*pro hac vice* to be filed)
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor

9

>
> Pittsburgh, PA 15222
> Telephone: 412-322-9243
> Email: Gary@lcllp.com
> NickC@lcllp.com
> Patrick@lcllp.com
>
> Joseph P. Guglielmo (Bar No. 671410)
> Amanda M. Rolon (*pro hac vice* to be filed)
> SCOTT+SCOTT ATTORNEYS AT LAW LLP
> 230 Park Avenue, 17th Floor
> New York, NY 10169
> Telephone: 212-223-6444
> Facsimile: 212-223-6334
> jguglielmo@scott-scott.com
> arolon@scott-scott.com
>
> *Counsel for Plaintiff Lynne Alexanderowics*

By:  */s/ Kate M. Baxter-Kauf*
>  Kate M. Baxter-Kauf (*pro hac vice* to be filed)
>  Stephen J. Teti (BBO # 569332)
>  Karen Hanson Riebel (*pro hac vice* to be filed)
>  LOCKRIDGE GRINDAL NAUEN P.L.L.P.
>  100 Washington Ave. South, Suite 2200
>  Minneapolis, MN 55401-2159
>  Telephone: (612) 339-6900
>  Facsimile: (612) 339-0981
>  Email: sjteti@locklaw.com
>  khriebel@locklaw.com
>  kmbaxter-kauf@locklaw.com
>
>  *Counsel for Plaintiff Brian Ray*

By:  */s/ Joseph P. Guglielmo*
>  Joseph P. Guglielmo (Bar No. 671410)
>  Amanda M. Rolon (*pro hac vice* to be filed)
>  SCOTT+SCOTT ATTORNEYS AT LAW LLP
>  230 Park Avenue, 17th Floor
>  New York, NY 10169
>  Telephone: 212-223-6444
>  Facsimile: 212-223-6334
>  jguglielmo@scott-scott.com
>  arolon@scott-scott.com
>
>  *Counsel for Plaintiff Veronica Gregory*