# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MA and FRED DEVEREAUX, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-12059 |
| Plaintiffs, | |
| v. | |
| MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY, | |
| Defendants. | |
| BRIAN CONWAY, individually and on behalf of all similarly situated persons, | Case No. 1:23-cv-12076 |
| Plaintiff, | |
| v. | |
| MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY, | |
| Defendants. | |
| PAMELA BROWN, individually and on behalf of all others similarly situated, | Case No. 3:23-CV-12101 |
| Plaintiff, | |
| v. | |
| MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY, | |
| Defendants. | |

| | |
|---|---|
| LYNNE ALEXANDEROWICS, individually and on behalf of all similarly situated persons,<br><br>    Plaintiff,<br>    v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 4:23-CV-40125 |
| BRIAN RAY, individually and on behalf of all similarly situated persons,<br><br>    Plaintiff,<br>    v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 1:23-CV-12214 |
| VERONICA GREGORY, individually and on behalf of all similarly situated persons,<br><br>    Plaintiff,<br>    v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 1:23-cv-12225 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION TO APPOINT AN EXECUTIVE COMMITTEE
<u>PURSUANT TO FED. R. CIV. P. 23(g)</u>**

## <u>TABLE OF CONTENTS</u>

I. INTRODUCTION. ....................................................................................................................1

II. BACKGROUND. ....................................................................................................................4

III. ARGUMENT. ........................................................................................................................5

A. The Court Should Appoint an Executive Committee....................................................5

1. Proposed Counsel Have Substantial Work in Investigating This Action...............6

2. Proposed Counsel Have Substantial Knowledge About and Are Experienced in Leading and Successfully Resolving Data Privacy Class Actions.........................7

3. Proposed Counsel Are Committed to Representing and Advancing the Interests of the Class ...............................................................................................................18

4. Additional Factors Supporting Appointment Under 23(g)(1)(B) ........................19

IV. CONCLUSION....................................................................................................................20

## **TABLE OF AUTHORITIES**

**Cases**

*Baker v. ParkMobile, LLC,*
    No. 21-cv-2182 (N.D. Ga.) ..................................................................... 17

*Beture v. Samsung Elecs. Am., Inc.,*
    No. CV 17-5757 (SRC), 2018 WL 3159875 (D.N.J. Mar. 27, 2018) ......................... 5

*Carmack v. Snap-On, Inc.,*
    No. 2:22-cv-00695-WED (W.D. Wisc.)........................................................ 9

*Cochran, et al. v. The Kroger Co., et al.,*
    No. 5:21-cv-01887-EJD (N.D. Cal.)......................................................... 10

*Dittman v. UPMC,*
    196 A.3d 1036 (Pa. 2018).................................................................... 14

*First Choice Federal Credit Union v. The Wendy's Company et al.,*
    No. 2:16-cv-0506 (W.D. Pa.) ........................................................... 13, 15

*Gerber v. Twitter, Inc.,*
    No. 23-cv-00186 (N.D. Cal.)................................................................ 16

*Greenstein et al. v. Noblr Reciprocal Exchange,*
    No. 21-04537 (N.D. Cal.) ................................................................... 17

*Holmes et al. v. Elephant Insurance Co. et al.,*
    No. 3:22-cv-00487 (E.D. Va.) ........................................................... 3, 17

*In re Apple Data Privacy Litigation,*
    No. 5:22-cv-07069-EJD (N.D. Cal.)...................................................... 11, 17

*In re Equifax, Inc. Customer Data Security Breach Litig.,*
    MDL No. 2800 (N.D. Ga.) .............................................................. 13, 15

*In re Experian Data Breach Litig.,*
    No. 8:15-cv-01592 (C.D. Cal.) ............................................................. 11

*In re GEICO Customer Data Breach Litig.,*
    No. 1:21-cv-02210-KAM-SJB (E.D.N.Y.)................................................ 2, 10, 12, 17

*In re Google Assistant Privacy Litigation,*
    No. 5:19-cv-04286 (N.D. Cal.)............................................................. 16

*In Re LastPass Data Sec. Incident Litig.*,
  No. 1:22-cv-12047-PBS (D. Mass) ...................................................................... 9

*In re Netgain Technology, LLC, Consumer Data Breach Litigation*,
  No. 21-cv-01210 (D. Minn.) ............................................................................. 17

*In re Premera Blue Cross Customer Data Security Breach Litig.*,
  No. 3:15-md-2633 (D. Or. Mar. 2, 2020) ........................................................... 11

*In re Shop-Vac Mktg. & Sales Practices Litig.*,
  No. 4:12-MD-2380, 2013 WL 183855 (M.D. Pa. Jan. 17, 2013) ......................... 5, 6

*In re Target Corp. Customer Data Sec. Breach Litig.*,
  MDL No. 14–2522 (D. Minn.) ....................................................................... 12, 15

*In re Terazosin Hydrochloride Antitrust Litig.*,
  No. 220 F.R.D. 672, 702 (S.D. Fla. 2004) ........................................................... 8

*In re TikTok, Inc., Consumer Privacy Litig.*,
  No. 20-04699 (N.D. Ill.) .................................................................................... 15

*In re USAA Data Sec. Litig.*,
  No. 7:21-cv-5813 (S.D.N.Y.) .......................................................................... 3, 14

*In re Valsartan*,
  2023 U.S. Dist. LEXIS 21112, 2023 WL 1818922 (D.N.J. Feb. 8, 2023) ............... 8

*In re Wawa, Inc. Data Sec. Litig.*,
  No. 2:19-cv-06019 (E.D. Pa.) ............................................................... 10, 12, 13

*In re Zoom Video Communications, Inc. Privacy Litig.*,
  No. 5:20-cv-02155-LHK (N.D. Cal.) .................................................................. 10

*In re: BPS Direct, LLC, and Cabela's, LLC, Wiretapping Litigation*,
  MDL No. 3074 (E.D. Pa.) ................................................................................. 17

*In Re: Kia Hyundai Vehicle Theft Litigation*,
  No. 8:22-ml-03052-JVS-KES (C.D. Cal.) ............................................................ 8

*In re: Philips Recalled CPAP Recalled Products Litigation*,
  MDL No. 3014 (W.D. Pa.) ................................................................................. 8

*In re: The Home Depot, Inc. Customer Data security Breach Litig.*,
  MDL No. 2583 (N.D. Ga.) .......................................................................... 13, 15

*In Re: Zillow Group, Inc. Session Replay Software Litig.,*
No. 22-01282- (W.D. Wash.) .................................................... 16

*Johnson et al. v. Cornerstone National Insurance Co.,*
No. 22-cv-04135-WJE (W.D. Mo.) ...................................... 3, 17

*Leitermann, et al. v. Forefront Dermatology SC, et al.,*
No. 1:21-cv-00887-LA (E.D. Wis.)........................................ 10

*Outten v. Wilmington Tr. Corp.,*
281 F.R.D. 193, 200 (D. Del. 2012) ....................................... 7

*Park v. American Family Life Insurance Company et al.,*
No. 22-cv-171 (W.D. Wis.) ................................................... 17

*Popa v. Harriet Carter Gifts, Inc.,*
45 F.4th 687 (3d Cir. 2022), *amended on rehearing*, 52 F.4th 121 (3d Cir. 2022)................... 14

*Rivera v. Google LLC,*
No. 2019-CH-00990 (Ill Cir. Ct.) .......................................... 11

*Smeltz, et al. v. Logan Health, et al.,*
No. A-DV-22-0124 (Mont. 8th Judicial District Court).......................................... 10

*Stallone v. Farmers Grp., Inc.,*
No. 2:21-cv-1659, 2022 WL 10091489 (D. Nev. Oct. 15, 2022).......................... 3, 17

*Trombley v. Bank of Am. Corp.,*
08-CV-456-JD, 2010 WL 4878992 (D.R.I. Dec. 1, 2010) ......................... 5

## Rules

Fed. R. Civ. P. 23(g). ............................................. 1, 5, 6, 8, 19, 20

## Statutes

18 U.S.C. §§ 2721, *et seq.*............................................... 4

## Other Authorities

Manual for Complex Litigation § 21.11 (4th ed. 2004) ................ 5, 20

## I.      INTRODUCTION

Plaintiffs Richard Ma, Fred Devereaux, Brian Conway, Pamela Brown, Lynne Alexanderowics, Brian Ray, and Veronica Gregory ("Coordinated Plaintiffs") hereby file this unopposed motion seeking entry of an order pursuant to Fed. R. Civ. P. 23(g), appointing the following counsel to an Executive Committee: Jason Rathod of Migliaccio & Rathod LLP ("M&R"), Andrew W. Ferich of Ahdoot & Wolfson PC ("AW"), Mark B. DeSanto of Berger Montague PC ("BM"), Gary F. Lynch of Lynch Carpenter LLP ("Lynch Carpenter"), Joseph P. Guglielmo of Scott+Scott Attorneys At Law LLP, and Kate Baxter-Kauf of Lockridge Grindal Nauen P.L.L.P. ("LGN") (collectively, "Proposed Counsel").

No parties or their counsel oppose this motion or the relief sought herein. There are only six related actions as of the date of this motion, all of which are assigned to Your Honor. Proposed Counsel represent all of the plaintiffs in all six of those related actions: *Ma et al v. MAPFRE U.S.A. Corp. et al*, 1:23-CV-12059 (Talwani, J.) ("*Ma* Action"); *Conway v. MAPFRE U.S.A. Corp. et al*, 3:23-CV-12076 (Talwani, J.) ("*Conway* Action"); *Brown v. MAPFRE U.S.A. Corp et al*, 3:23-CV-12101 (Talwani, J.) ("*Brown* Action"), *Alexanderowics v. MAPFRE U.S.A. Corp et al*, 4:23-CV-40125 ("*Alexanderowics* Action"), *Ray v. MAPFRE U.S.A. Corp et al*, 1:23-CV-12214 ("*Ray* Action"); and *Gregory v. MAPFRE U.S.A. CORP et al*, 1:23-cv-12225 ("*Gregory* Action") (collectively, "Related Actions"). Thus, counsel for plaintiffs in all the currently filed cases support this motion. Moreover, Defendants MAPFRE U.S.A. Corp. ("MAPFRE") and Commerce Insurance Company ("Commerce") (collectively, "Defendants") have indicated they take no position on proposed leadership but do not intend to oppose this motion.

Appointment of an Executive Committee here is particularly appropriate because, as described below, duplicative actions have been filed and may continue to be filed. Appointment

of an Executive Committee now will clarify the roles and responsibilities of counsel on behalf of the class so that the class may speak with one voice. All counsel in the Related Actions agreed to the leadership appointments requested herein and are filing a motion, contemporaneously with the instant motion, to consolidate the Related Actions, and this consensus was reached through the private ordering process.

Proposed Counsel are uniquely qualified to lead this litigation. The qualifications and experience of Proposed Counsel, and their firms, are set forth in the concurrently filed Declarations, attached hereto as Exhibits 1-6. Already, they have performed substantial work to identify and investigate potential claims in this case, coordinated with each other to seek consolidation of this matter into a single, efficient proceeding, including drafting the instant motion and a separate consolidation motion. As a result of their substantial efforts on behalf of Coordinated Plaintiffs and the putative class to date and their substantial experience in efficiently prosecuting class action cases, Proposed Counsel should be appointed an Executive Committee for the following reasons.

*First,* Proposed Counsel have the experience to effectively lead this litigation on behalf of the putative class. They and their firms have been appointed to leadership positions in numerous data privacy, data breach and consumer class actions, including some of the largest data disclosure class actions filed across the country. Indeed, several proposed members of the Executive Committee are currently litigating nearly identical claims to those involved in the Related Actions against other industry leading automotive insurance companies for the same practice underlying Consolidated Plaintiffs' claims: auto-filling driver's license numbers (and other PII) on its website, which hackers exploited to exfiltrate droves of PII. *See, e.g.*, *In re GEICO Customer Data Breach Litigation*, 1:21-cv-02210-KAM-SJB (E.D.N.Y.) (ECF No. 59) (appointing as interim co-lead

6

counsel Mr. Ferich's law firm AW and Mr. DeSanto's firm BM, as well as Ms. Baxter-Kauf of LGN to the Steering Committee); *In re USAA Data Sec. Litig.*, 7:21-cv-5813 (S.D.N.Y.) (ECF No. 17) (appointing Lynch Carpenter as interim co-lead counsel); *Johnson et al. v. Cornerstone National Insurance Co.*, No. 22-cv-04135-WJE (W.D. Mo.) (LGN appointed Interim Co-Lead Class Counsel); *Holmes et al. v. Elephant Insurance Co. et al.*, No. 3:22-cv-00487 (E.D. Va.) (LGN appointed interim co-lead counsel); *Stallone v. Farmers Grp., Inc.*, No. 2:21-cv-1659, 2022 WL 10091489 (D. Nev. Oct. 15, 2022) (in case prosecuted by LGN, denying motion to dismiss on case involving auto-filled driver's license numbers).

*Second*, Proposed Counsel, and their teams possess extensive knowledge of the applicable law. They and their firms have heavily litigated, conducted significant discovery in, and briefed essentially every aspect of data privacy class action cases. This experience will allow the Coordinated Plaintiffs' team to prosecute the case with great efficiency and readily navigate issues that often arise in data privacy cases, such as standing, technical evidence, and classwide damage models.

*Third*, Proposed Counsel each have diligently investigated and prosecuted the Related Actions to date. The team has devoted substantial time to investigating the background facts, speaking with impacted consumers, drafting detailed complaints, and litigating related matters. They thoroughly understand the ways in which consumers have been impacted by Defendants' practice of auto-filling driver's license numbers and other sensitive information on their website.

*Fourth*, the team will effectively manage the litigation. Proposed Counsel have agreed to work cooperatively and were able to resolve questions of leadership structure through cooperative discussions. They will litigate with an eye toward maximizing litigation efficiency on behalf of the Coordinated Plaintiffs and the putative class.

*Finally*, the team's members are attorneys at firms which, together, have and will continue to commit the necessary resources to effectively prosecute this action and represent the best interests of class members.

For the foregoing reasons, Coordinated Plaintiffs respectfully request that the Court grant Plaintiffs' motion and appoint Proposed Counsel to an Executive Committee.

## II.   BACKGROUND

Defendant MAPFRE is a Massachusetts-based insurer. In late August 2023, Defendants sent letters to impacted consumers notifying them "of an incident that involved [their] personal information and, possibly, information about [their] vehicle(s)," and that the so-called "incident" had occurred between July 1 and 2, 2023 (the "Data Disclosure"). According to the letters, "an unknown party used information about [class members]—which was already in the unknown party's possession—to obtain access to additional information about [class members] through MAPFRE's Massachusetts online quoting platform in Massachusetts." The letters further indicated that Defendants determined the Data Disclosure involved driver's license numbers obtained "through [Defendants'] Massachusetts online quoting platform" and may have also included the following additional vehicle information: "make, model, year, and vehicle identification number." According to Defendants public filings, the Data Disclosure resulted in the PII of approximately 266,142 individuals—including Consolidated Plaintiffs—being exfiltrated from Defendants' auto insurance quote website. The Consolidated Plaintiffs allege that they suffered various injuries as a result of Defendants' failure to safeguard their and class members' PII and driver's license information, and bring a number of causes of action, including a claim for violations of the Drivers' Privacy Protection Act, 18 U.S.C. §§ 2721, *et seq.* ("DPPA").

To date, the Related Actions are the only class actions that have been filed related to the

Data Disclosure. All six of the Related Actions involve common questions of law and fact against the common defendants arising from the same Data Disclosure. While Coordinated Plaintiffs' counsel could have each moved for competing leadership positions, they met and conferred with each other, have created a consensus on leadership, and have agreed to combine forces to voluntarily coordinate and jointly litigate for the benefit of the class.

## III.    ARGUMENT

### A.    The Court Should Appoint an Executive Committee

Rule 23(g) authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Courts use the same qualification criteria for designating interim counsel as are used for appointing class counsel." *Trombley v. Bank of Am. Corp.*, 08-CV-456-JD, 2010 WL 4878992, at *1 (D.R.I. Dec. 1, 2010). "Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that the Court 'may designate [lead counsel] to act on behalf of a putative class before determining whether to certify the action as a class action.'" *In re Shop-Vac Mktg. & Sales Practices Litig.*, 4:12-MD-2380, 2013 WL 183855, at *1 (M.D. Pa. Jan. 17, 2013) (quoting Fed. R. Civ. P. 23(g)). Early appointments are especially beneficial in complex cases because they help to clarify responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement. MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) ("MANUAL").

Early appointments are particularly important where, as here, other cases may be filed by other counsel in this Court and other courts, including both state and federal. *See, e.g.*, *Beture v. Samsung Elecs. Am., Inc.*, No. CV 17-5757 (SRC), 2018 WL 3159875, at *1 (D.N.J. Mar. 27, 2018) ("This Court is persuaded that it is in the interest of the putative class of Plaintiffs to prevent

a competition between counsel, and to encourage the coordination and cooperation of counsel by granting this motion."). "The same factors governing the appointment of class counsel [at the class certification stage] apply when appointing interim class counsel." *In re Shop-Vac Mktg. & Sales Practices Litig.*, 2013 WL 183855, at *1. As a result, courts appointing an Executive Committee under Rule 23(g)(1)(A) consider:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

*Id.* (citing Fed. R. Civ. P. 23(g)(1)). As discussed below, each of the relevant factors demonstrate that Proposed Counsel are best able to represent the interests of the class.

### 1. Proposed Counsel Have Substantial Work in Investigating This Action

Proposed Counsel have committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation, investigating, and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of the Data Disclosure and this litigation. Rathod Decl. ¶¶ 8-11; Ferich Decl. ¶¶ 8-11; DeSanto Decl. ¶¶ 10-11; Lynch Decl. ¶¶ 10-11; Guglielmo Decl. ¶¶ 10-13; Baxter-Kauf Decl. ¶¶ 10-14. Counsel are familiar with the facts and legal issues in this matter and intend to continue their pursuit of the claims on behalf of Coordinated Plaintiffs and the class. Rathod Decl. ¶¶ 9-10; Ferich Decl. ¶ 9; DeSanto Decl. ¶ 5; Lynch Decl. ¶ 9-10; Guglielmo Decl. ¶¶ 10-13; Baxter-Kauf Decl. ¶¶ 11-12.

These firms continue to perform substantial work that has been (and will be) valuable to the class as the case moves forward. This includes, but is not limited to: (a) reviewing consumer

communications concerning the Data Disclosure; (b) engaging in ongoing communications with putative class members; (c) investigating the scope of the Data Disclosure's consequences, and Defendants' public response regarding the same; (d) researching potential claims arising from the Data Disclosure and defenses thereto; (e) using this research to begin preparing a detailed, consolidated class action complaint; and (f) privately organizing and agreeing to consolidate the Related Actions and filing—contemporaneously herewith—a motion to consolidate the Related Actions. Rathod Decl. ¶¶8-11; Ferich Decl. ¶¶ 8-11; DeSanto Decl. ¶ 10; Lynch Decl. ¶¶ 10-11; Guglielmo Decl. ¶¶ 10-13; Baxter-Kauf Decl. ¶¶ 10-14.

Proposed Counsel have conducted all the work necessary to prosecute this litigation thus far, and they stand ready, willing, and able to continue to devote the substantial effort and resources (including the advancement of costs) necessary for advancing the claims of Coordinated Plaintiffs and the proposed class. Rathod Decl. ¶¶ 8-12; Ferich Decl. ¶¶ 8-11, 30-33; DeSanto Decl. ¶ 10-11; Lynch Decl. ¶¶ 10-12; Guglielmo Decl. ¶¶ 3,10-13; Baxter-Kauf Decl. ¶¶ 10-14.

### 2. Proposed Counsel Have Substantial Knowledge About and Are Experienced in Leading and Successfully Resolving Data Privacy Class Actions

Data disclosure cases present unique and novel issues of fact and law that are always evolving. They further require an understanding of the technical issues of data hacking, data privacy measures, and industry standards. Appointing co-lead class counsel experienced in data privacy litigation is in the best interest of the class. *See Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel."). Proposed Counsel have extensive experience leading and/or litigating data privacy matters against large corporate defendants such as Apple, Google, Zoom, Kroger, GEICO, Hy-Vee, GameStop, Chipotle, Wawa, Target, Home Depot, Equifax, Capital One,

Yahoo!, Wendy's, and Marriott, among others. Rathod Decl. ¶ 6-7; Ferich Decl. ¶¶ 13-29; DeSanto Decl. ¶ 5; Lynch Decl. ¶¶ 3-9; Guglielmo Decl. ¶¶ 4-8; Baxter-Kauf Decl. ¶¶ 3-9.

As demonstrated below, Proposed Counsel are highly qualified to lead the case and should be appointed to an Executive Committee pursuant to Fed. R. Civ. P. 23(g). *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

### Jason S. Rathod and the Law Firm of Migliaccio & Rathod LLP

Jason S. Rathod is a founding partner of Migliaccio & Rathod LLP ("M&R") and has a breadth of experience in complex civil litigation, including data privacy cases.

Mr. Rathod has held leadership positions in high-stakes litigation. Earlier this year, Mr. Rathod was selected in a competitive process to serve on the leadership team in *In Re: Kia Hyundai Vehicle Theft Litigation*, No. 8:22-ml-03052-JVS-KES (C.D. Cal.). Last year, Mr. Rathod was also among a group of 12 attorneys appointed to the Plaintiff Steering Committee ("PSC") in *In re: Philips Recalled CPAP Recalled Products Litigation*, MDL No. 3014 (W.D. Pa.). The litigation concerns millions of defective devices subject to an FDA recall. He is the PSC co-chair of the Science and Experts Committee and the PSC Chair of the Class Action and Experts Subcommittee. The parties recently announced a settlement of the economic loss claims that, if approved, will create a $479 million non-reversionary fund.

Mr. Rathod also has experience securing class certification. His successes, and those of M&R, include class certification orders that required navigating novel and intricate issues of varied state law and class-wide injury. *See, e.g., In re Valsartan,* 2023 U.S. Dist. LEXIS 21112, 2023 WL 1818922, at * 28 (D.N.J. Feb. 8, 2023) (issuing landmark opinion granting class certification across

multiple states for medical monitoring and appointing M&R as class counsel).

Mr. Rathod and M&R are particularly experienced in data privacy class actions. The firm has been appointed or has served in a leadership capacity in numerous data privacy class actions, including in this very Court. *See, e.g.*, *In Re LastPass Data Sec. Incident Litig.*, No. 1:22-cv-12047-PBS (D. Mass) (appointing M&R partner interim co-lead counsel). Mr. Rathod has helped lead the prosecution of cases that have resulted in nationwide settlements providing substantial relief to the victims of data breaches. *See, e.g.*, *Carmack v. Snap-On, Inc.*, No. 2:22-cv-00695-WED (W.D. Wisc.) (nationwide settlement in which M&R was sole class counsel).

Beyond the courtroom, Mr. Rathod has authored law review articles about private enforcement and aggregate litigation. One of the articles, which compared enforcement regimes in the United States and Europe, has been cited several times by leading authorities, including in a proposed rule to prohibit arbitration provisions in consumer finance contracts by the Consumer Financial Protection Bureau[1] and a book on antitrust law by a sitting U.S. Senator.[2]

The qualifications, experience, and results of Mr. Rathod and his firm are further set forth as Exhibit A to the Rathod Declaration.

### Andrew W. Ferich and the Law Firm of Ahdoot Wolfson, PC

Andrew W. Ferich joined AW as partner in 2021 at the age of only 33. He has extensive experience serving in leadership and support roles in complex class actions, including in some of

---

[1] *See* Bureau of Consumer Financial Protection, 12 CFR Part 1040, Final Rule, *available at* https://files.consumerfinance.gov/f/documents/201707_cfpb_Arbitration-Agreements- Rule.pdf (n. 611) (citing Jason Rathod and Sandeep Vaheesan, "The Arc and Architecture of Private Enforcement Regimes in the United States and Europe: A View Across the Atlantic," 14 U. of N.H. L. Rev. 306) (2015). The rule was, regrettably, later revoked, pursuant to the Congressional Review Act.

[2] Sen. Amy Klobuchar, *Antitrust: Taking on Monopoly Power from the Gilded Age to the Digital Age*, p. 419 (2022).

the largest and most high-profile data privacy and consumer class action cases. *See, e.g., In re Wawa, Inc. Data Sec. Litig.*, 2:19-cv-06019 (E.D. Pa.). Mr. Ferich is frequently appointed to leadership roles in data privacy matters. *See, e.g., Cochran, et al. v. The Kroger Co., et al.*, No. 5:21-cv-01887-EJD (N.D. Cal.) (final approval of $5 million non-reversionary settlement with Kroger granted; Mr. Ferich appointed as co-lead counsel); *Smeltz, et al. v. Logan Health, et al.*, No. A-DV-22-0124 (Mont. 8th Judicial District Court) (medical data breach class action involving hundreds of thousands of Montanans; final approval of $4.3 million common fund settlement granted; Mr. Ferich appointed as co-lead counsel); *Leitermann, et al. v. Forefront Dermatology SC, et al.*, No. 1:21-cv-00887-LA (E.D. Wis.) (final approval of $3.75 million common fund settlement in medical privacy case; Mr. Ferich appointed co-lead counsel).

Mr. Ferich is principally involved in litigating *In re GEICO Customer Data Breach Litig.*, 1:21-cv-02210-KAM-SJB (E.D.N.Y.) on behalf of AW, and his firm is appointed co-lead class counsel in that matter together with co-movant BM. The *GEICO* litigation is similar to this litigation in that it involves allegations that another large insurance company violated the DPPA (and other laws) by utilizing a pre-fill feature on its online insurance quoting tool that auto-populated driver's license numbers and other sensitive personal information during the insurance quoting process. Mr. Ferich, his firm's, and his co-counsel's efforts in that litigation have resulted in the case proceeding to discovery after numerous claims survived a motion to dismiss. Mr. Ferich and AW will leverage the experience gained from *GEICO* for the benefit of Plaintiffs and the class.

Mr. Ferich and the lawyers at AW are leading class action lawyers with expertise in data privacy litigation. AW is one of the most recognizable data privacy and consumer class action law firms in the United States. The firm has served in leadership roles in some of the largest privacy cases in the country. *See, e.g., In re Zoom Video Communications, Inc. Privacy Litig.*, No. 5:20-

14

cv-02155-LHK (N.D. Cal.) (AW appointed class counsel; $85 million common fund settlement granted final approval); *In re Experian Data Breach Litig.*, No. 8:15-cv-01592 (C.D. Cal.) (AW appointed co-lead counsel; $150 million settlement value, with a $22 million cash fund); *In re Premera Blue Cross Customer Data Security Breach Litig.*, No. 3:15-md-2633 (D. Or. Mar. 2, 2020), ECF No. 311 (AW was appointed to Plaintiffs' Steering Committee; $74 million settlement value with a $32 million cash fund)*; Rivera v. Google LLC*, No. 2019-CH-00990 (Ill Cir. Ct.) (AW appointed lead counsel; final approval of $100 million settlement arising from Google's alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*)); *In re Apple Data Privacy Litigation*, No. 5:22-cv-07069-EJD (N.D. Cal.) (AW is appointed to the Plaintiffs' Steering Committee).

Mr. Ferich is intimately familiar with the legal issues that will be at the center of this litigation, and he will harness his and his firm's experience in, and knowledge of, this area of law to zealously advocate on behalf of Plaintiffs and the putative class members. Mr. Ferich will be supported in this litigation by his partner Robert Ahdoot and associate Carlynne A. Wagner. Mr. Ferich and AW's qualifications, experience, and results are further discussed in the AW firm resume submitted as Exhibit A to the Ferich Declaration.

### Mark B. DeSanto and the Law Firm of Berger Montage PC

Mark B. DeSanto is Senior Counsel in the Technology, Privacy, and Data Breach Department and Consumer Protection Department of Berger Montague PC, one of the preeminent class action law firms in the United States and one of the nation's oldest and most respected class action law firms. *See* DeSanto Decl. at ¶ 3. In its 53+ year history, Berger Montague has played lead roles in major class action cases and obtained settlement and recoveries totaling well over $50 billion for its clients and the classes it has represented. *Id.* Berger Montague is a nationally-

renowned, full-spectrum class action law firm that has been recognized by courts throughout the country for its ability and experience in handling major complex litigation, particularly in the fields of data breach and privacy litigation where it has served in leadership roles in some of the largest data breach class actions in history. *See id*. at ¶ 5. Berger Montague PC has the resources—in terms of both capital as well as attorneys and support staff—to meet any litigation or case management need and is able to fully fund this (or any) litigation without reliance on any litigation financing. *See id*. at ¶ 3. Indeed, at present, Berger Montague consists of over 100 lawyers, 17 paralegals, and an experienced support staff in eight offices across the United States and Toronto.  *See id*. Few firms in the United States have Berger Montague's resources, breadth of practice, and match its successful track record in such a broad array of complex litigation. *See id*.

Likewise, Mr. DeSanto has extensive experience in class action litigation, including data privacy class actions, and has worked on some of the most highly publicized and/or largest data breach class actions in history including *In re Target Corp. Customer Data Sec. Breach Litig*., MDL No. 14–2522 (D. Minn.), and *In re Wawa, Inc. Data Sec. Litig*., 2:19-cv-06019 (E.D. Pa.). Mr. DeSanto has recently been appointed to leadership roles in numerous privacy matters himself. *See* DeSanto Decl. at ¶ 5. Thus, Mr. DeSanto has vast experience successfully navigating the legal issues that will be at the center of this litigation, and he will leverage his and his firm's vast knowledge of this area of law for the benefit of Plaintiffs and the putative class members.

Indeed, at present, Mr. DeSanto is actively litigating *In re GEICO Customer Data Breach Litig*., 1:21-cv-02210-KAM-SJB (E.D.N.Y.) on behalf of Berger Montague, and his firm is appointed co-lead class counsel in that matter with Ahdoot Wolfson PC and Lockridge Grindal Nauen P.L.L.P., both of whom are co-movants here. *See* DeSanto Decl. at ¶ 6. The *GEICO* litigation is nearly identical to this litigation in that it involves allegations that another large

insurance company violated the DPPA (and other laws) by utilizing a pre-fill feature on its online insurance quoting tool that auto-populated driver's license numbers and other sensitive personal information during the insurance quoting process. *Id.* Mr. DeSanto, his firm's, and his co-counsel's efforts in that litigation have resulted in the case proceeding to discovery after numerous claims survived a motion to dismiss. Mr. DeSanto and Berger Montague PC will leverage the experience gained from *GEICO* for the benefit of Plaintiffs and the class here.

Mr. DeSanto will be supported in this litigation by E. Michelle Drake, an Executive Shareholder at Berger Montague, the founder and Managing Partner of Berger Montague's Minneapolis office, and Berger Montague's Co-Chair of the firm's (1) Technology, Privacy, and Data Breach Department; and (2) Consumer Protection Department. *See* DeSanto Decl. at ¶ 4. Ms. Drake has successfully served as lead counsel (or other leadership roles) representing consumers in *dozens* of consumer privacy class actions that resulted in class recoveries valued well into the *billions* of dollars. *See id.* at ¶ 5.[3]

### Gary F. Lynch and the Law Firm of Lynch Carpenter LLP

Gary F. Lynch has been engaged in the practice of law for thirty-four years, with the majority of his career spent litigating class actions on behalf of plaintiffs. The primary substantive focus of Mr. Lynch's practice is data breach and privacy litigation.  He has served in a lead counsel role in some of the largest and most well-known data breach cases. *See In re: Wawa, Inc. Data Security Litig.*, No. 2:19-cv-06019-GEKP (E.D. Pa.); *In re Equifax, Inc. Customer Data Security Breach Litig.*, MDL No. 2800 (N.D. Ga.); *First Choice Federal Credit Union v. The Wendy's Company et al.*, No. 2:16-cv-0506 (W.D. Pa.); and *In re: The Home Depot, Inc. Customer Data*

---

[3] Further information about Mr. DeSanto and his firm, Berger Montague PC, can be found in Berger Montague's firm resume, attached as Exhibit A to the DeSanto Decl.

*security Breach Litig.*, MDL No. 2583 (N.D. Ga.).  Mr. Lynch and his firm have generated seminal

legal authority regarding data privacy issues, in both trial and appellate courts.  For example, he

and his firm forged the development of common law protections against the mishandling of

digitally-stored information in the seminal Supreme Court of Pennsylvania decision in *Dittman v.*

*UPMC*, 196 A.3d 1036 (Pa. 2018), in which the Court issued a landmark opinion—reversing the

two lower courts—acknowledging that general principles of negligence support holding those who

collect and store personally identifying information to a common law duty to reasonably safeguard

such information from cyber-attacks. *See id.* at 1047. More recently, Mr. Lynch and his firm are

pioneering the civil enforcement of two-party consent wiretapping statutes as a means of protecting

the privacy of consumers who visit websites—only to have their interactions with the website

surreptitiously recorded and shared with third parties.  See *Popa v. Harriet Carter Gifts, Inc*, 45

F.4th 687 (3d Cir. 2022), *amended on rehearing*, 52 F.4th 121 (3d Cir. 2022)(Website owner and

data collection company cannot avoid lability under two-party consent wiretapping statute for

intercepting online shopper's data.).

 Mr. Lynch and his firm are currently litigating a case which is nearly identical to this one.

*See In Re USAA Data Security Litigation,* No. 7:21-cv-05813-VB (S.D.N.Y). He is well-versed in

the factual and legal nuances of this matter, as well as data breach cases generally, and has a

demonstrated ability to successfully lead such cases. Mr. Lynch and his firm have been recognized

for their success in data breach and privacy litigation, being selected by ALM as a finalist for

2022's Privacy/Data Breach firm of the year award and further being selected by Law360 as a

2023 "Pennsylvania Powerhouse." Mr. Lynch's breadth of data breach experience, current and

prior leadership roles in consolidated and multi-district litigation, and proven ability to work

collaboratively with co-counsel in significant class actions, make him qualified to serve on the

Plaintiffs' Executive Committee in this case.[4]

### Joseph P. Guglielmo of Scott + Scott Attorneys At Law LLP

Joseph P. Guglielmo is a partner at Scott+Scott Attorneys at Law, a nationally recognized class action law firm headquartered in Connecticut with offices in New York, Arizona, Austin, California, Ohio, Virginia, Amsterdam, Berlin, and London. Scott+Scott.  Mr. Guglielmo is the Chair of Scott+Scott's Consumer Practice Group which consists of some of the premier advocates in the area of consumer protection. Mr. Guglielmo has been at the forefront in litigating and securing some of the most significant consumer protection settlements on behalf of its clients, resulting in hundreds of millions of dollars to class members. Mr. Guglielmo has served in numerous leadership positions in complex consumer class actions, including multiple data breach and consumer privacy class actions, throughout the United States and achieved significant recoveries for his clients, including:

- *In re Equifax, Inc. Customer Data Security Breach Litig.*, No. 1:17-md-02800 (N.D. Ga.) (co-lead counsel on behalf of class of financial institutions, settlement in excess of $32.5 million);
- *In re The Home Depot, Inc., Customer Data Security Breach Litig.*, No. 1:14-md-02583 (N.D. Ga.) (co-lead counsel on behalf of financial institutions, $27.25 million settlement on behalf of financial institutions nationwide where Mr. Guglielmo was co-lead counsel);
- *First Choice Federal Credit Union v. The Wendy's Co.*, No. 2:16-cv-00506 (W.D. Pa.) ($50 million settlement on behalf of financial institutions involving the breach of personal and financial information of millions of credit and debit cards);
- *In re Target Corp. Customer Data Security Breach Litig.*, No. 0:14-md-02522 (D. Minn.) ($59 million settlement);
- *In re TikTok, Inc., Consumer Privacy Litig.*, No. 20-04699 (N.D. Ill.)($92 million settlement on behalf of consumers, including minors, who utilized the TikTok application and whose PII and biometric information was collected)

Mr. Guglielmo has been extensively involved in complex class action, MDL, and data breach litigation. Mr. Guglielmo has a variety of complementary talents necessary to successfully

---

[4] Further information about Mr. Lynch and his firm can be found in Lynch Carpenter's firm resume, attached as Exhibit A to the Lynch Decl.

litigate this type of litigation, such as experience briefing and arguing discovery and substantive motions; taking and defending depositions; working with liability and damages experts and direct and substantial participation in many precedent-setting settlements. Recently, Mr. Guglielmo has been appointed to leadership positions in the following consumer class actions:

- *In re Google Assistant Privacy Litigation,* No. 5:19-cv-04286 (N.D. Cal.) (co-lead counsel, class action on behalf of consumers alleging privacy violations whereby Google Assistant records and discloses their private, confidential communications without consent);
- *Gerber v. Twitter, Inc.*, No. 23-cv-00186 (N.D. Cal.)(co-lead counsel, class action on behalf of consumer arising out of data breach of approximately 200 million Twitter users); and
- *In Re: Zillow Group, Inc. Session Replay Software Litig.,* No. 22-01282- (W.D. Wash.)(co-lead counsel on behalf of consumers against Zillow and Microsoft alleging that these entities unlawfully employed session replay code to wiretap electronic communications).

Mr. Guglielmo lectures on electronic discovery. Since 2003, Mr. Guglielmo has been a Member of the Sedona Conference®, an organization devoted to providing guidance and information concerning discovery and production issues, as well as antitrust law, complex litigation, and intellectual property. From 2014-2018, he served as a member of the Steering Committee of Working Group 1 of the Sedona Conference. Additionally, Mr. Guglielmo was a member of the editorial team for *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1 (2018). Mr. Guglielmo is currently a Board Member for the Advanced eDiscovery Institute at Georgetown University Law Center.  Additional information about Mr. Guglielmo can be found in his firm resume attached as Exhibit A to the Guglielmo Declaration.

### Kate Baxter-Kauf and the Law Firm of Lockridge Grindal Nauen P.L.L.P.

Kate M. Baxter-Kauf is a partner at Lockridge Grindal Nauen P.L.L.P. Her practice is concentrated in the firm's data breach, antitrust law, business litigation, and securities litigation practice groups. For the past several years, she has been on the forefront of cutting-edge cybersecurity and privacy litigation, representing individuals and financial institutions in data

breach litigation. Ms. Baxter-Kauf is a subject matter expert in cases involving the compromise of driver's license information through online quoting platforms or by insurance companies and is currently prosecuting several of these cases across the country, either as primary or appointed counsel. She currently serves as court-appointed co-lead counsel in *Johnson et al. v. Cornerstone National Insurance Co.*, No. 22-cv-04135-WJE (W.D. Mo.) (appointed Interim Co-Lead Class Counsel); *Holmes et al. v. Elephant Insurance Co. et al.*, No. 3:22-cv-00487 (E.D. Va.) (appointed Interim Co-Lead Counsel). She is also a pre-approved member of leadership team in conjunction with co-lead counsel appointment in *In re: Geico Customer Data Breach Litig.*, No. 1:21-cv-002210-KAM-SJB (E.D.N.Y) and primary counsel with one other firm in *Stallone v. Farmers Grp., Inc.*, No. 2:21-cv-1659 (D. Nev.), *Greenstein et al. v. Noblr Reciprocal Exchange*, No. 21-04537 (N.D. Cal.)., and *Park v. American Family Life Insurance Company et al.,* No. 22-cv-171 (W.D. Wis.), all of which involve very similar fact patterns. She has been involved in all aspects of these cases and will use all of that knowledge and experience on behalf of the class.

Ms. Baxter-Kauf, who has practiced for approximately twelve years, also currently serves as court-appointed co-lead counsel an additional privacy class action, *In re: BPS Direct, LLC, and Cabela's, LLC, Wiretapping Litigation*, MDL No. 3074 (E.D. Pa.) (appointed Interim Co-Lead Counsel), and has been appointed to executive committees in *In re: Apple Data Privacy Litigation,* No. 22-cv-07069 (N.D. Cal.), *Baker v. ParkMobile, LLC,* No. 21-cv-2182 (N.D. Ga.) and *In re Netgain Technology, LLC, Consumer Data Breach Litigation*, No. 21-cv-01210 (D. Minn.).

Ms. Baxter-Kauf is a 2022 Minnesota Attorney of the Year for recognition of her pro bono work and is a frequent speaker on data breach and privacy issues at conferences across the

country.[5]

### 3.   Proposed Counsel Are Committed to Representing and Advancing the Interests of the Class

Proposed Counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Coordinated Plaintiffs in these cases. Rathod Decl. ¶¶ 8-11; Ferich Decl. ¶¶ 30-33; DeSanto Decl. ¶ 11; Lynch Decl. ¶ 12; Guglielmo Decl. ¶¶ 12-13; Baxter-Kauf Decl. ¶¶ 10-14. Proposed Counsel and their firms have a proven track-record of success leading complex class action cases, including data privacy matters. Rathod Decl. ¶¶ 4-8; Ferich Decl. ¶¶ 14-29; DeSanto Decl. ¶ 5; Lynch Decl. ¶¶ 3-9; Guglielmo Decl. ¶¶ 6-8; Baxter-Kauf Decl. ¶ 10-14. The experience here will be no different. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Proposed Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal as well as the motion to consolidate the Related Actions filed contemporaneously with the instant motion. Rathod Decl. ¶¶ 8-12; Ferich Decl. ¶¶ 8-11; DeSanto Decl. ¶ 10; Lynch Decl. ¶¶ 10-11; Guglielmo Decl. ¶¶ 10-13; Baxter-Kauf Decl. ¶¶ 10-14.

Just as they have previously done, Proposed Counsel are committed to working cooperatively and efficiently on behalf of Coordinated Plaintiffs and the proposed class here. Rathod Decl. ¶¶ 3-4, 8-11; Ferich Decl. ¶ 7; DeSanto Decl. ¶ 10; Lynch Decl. ¶ 13; Guglielmo Decl. ¶¶ 10-13; Baxter-Kauf Decl. ¶ 6, 10-14. As Proposed Counsel's history of organization shows, they are inclusive, hence the decision to work cooperatively and include counsel from all

---

[5] Additional information about Ms. Baxter-Kauf and LGN can be found in her declaration and the resume attached as Exhibit A.

three Related Actions on equal footing, as three-way co-leads. Those efforts of inclusion resulted in a group of attorneys working toward the proper goal: a fair, reasonable, and adequate result for aggrieved class members. Each proposed Executive Committee member is independently qualified to lead this case and has significant experience in class actions, including data disclosure class actions.

In sum, Proposed Counsel are committed to pursuing the best interests of the Coordinated Plaintiffs and the proposed class in an efficient manner. They understand the time and resources necessary to pursue this action to a successful resolution. Rathod Decl. ¶¶ 10-11; Ferich Decl. ¶¶ 30, 32-33; DeSanto Decl. ¶ 5, 11; Lynch Decl. ¶¶ 5-6,9; Guglielmo Decl. ¶¶ 10-12; Baxter-Kauf Decl. ¶¶ 10-14. Their firms have already made significant investments of resources and time into the prosecution of these claims. Rathod Decl. ¶¶ 8-11; Ferich Decl. ¶¶ 8-11; DeSanto Decl. ¶ 10-11; Lynch Decl. ¶¶ 10-11; Guglielmo Decl. ¶¶ 10-12; Baxter-Kauf Decl. ¶¶ 10-14. Their firms possess the resources needed to prosecute this case to a successful resolution and will do so here. Rathod Decl. ¶¶ 8-11; Ferich Decl. ¶¶ 30, 32-33; DeSanto Decl. ¶ 11; Lynch Decl. ¶¶ 8-12; Guglielmo Decl. ¶¶ 10-13; Baxter-Kauf Decl. ¶¶ 10-14. Further, the Related Actions were filed with Massachusetts attorneys, David Pastor of Pastor Law Office, PC, and Patrick J. Sheehan of Whatley Kallas LLP, both of whom will continue to be involved in the litigation and handle all appropriate matters.

### 4.    Additional Factors Supporting Appointment Under 23(g)(1)(B)

The Court may also consider other matters in making appointments, per Rule 23(g)(1)(B). One consideration here is that Proposed Counsel reached consensus among all counsel who have cases pending in this Court to date about the proposed leadership structure. Rathod Decl. ¶ 6; Ferich Decl. ¶¶ 6-7; DeSanto Decl. ¶ 10; Lynch Decl. ¶ 2; Guglielmo Decl. ¶ 3; Baxter-Kauf Decl.

¶ 6. Rather than file competing leadership applications, counsel for all on-file Plaintiffs met and conferred and agreed that it is in the best interest of the plaintiffs and putative class members to form a unified front and cooperatively litigate the claims arising from the Data Disclosure against Defendant in this action. *Id*. This private ordering further supports appointing Proposed Counsel to an Executive Committee. MANUAL, §§ 10.22, 21.272.

## IV.   CONCLUSION

Coordinated Plaintiffs request that the Court grant this unopposed motion and enter an order appointing the following counsel to an Executive Committee pursuant to Fed. R. Civ. P. 23(g): Jason Rathod of Migliaccio & Rathod LLP; Andrew W. Ferich of Ahdoot & Wolfson PC, Mark B. DeSanto of Berger Montague PC, Gary F. Lynch of Lynch Carpenter LLP, Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP, and Kate Baxter-Kauf of Lockridge Grindal Nauen P.L.L.P. A proposed order granting this relief is submitted herewith.

Dated: September 29, 2023                       Respectfully submitted,

By:     */s/ Patrick J. Sheehan*
        Patrick J. Sheehan (BBO 639320)
        **WHATLEY KALLAS, LLP**
        101 Federal Street, 19th Floor
        Boston, Massachusetts 02110
        Telephone: (617) 203-8459
        Facsimile: (800) 922-4851
        psheehan@whatleykallas.com

        *Local Counsel for Plaintiffs Richard Ma and Fred Devereaux*

        Nicholas A. Migliaccio (*pro hac vice* pending)
        Jason S. Rathod (*pro hac vice* pending)
        **MIGLIACCIO & RATHOD, LLP**
        412 H Street, NE, Suite 302
        Washington, DC 20002
        Phone: 202-470-520
        Fax: 202-800-2730

nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*Counsel for Plaintiffs Richard Ma and Fred*
*Devereaux*

David Pastor (BBO 391000)
**Pastor Law Office, PC**
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Tel: 617.742.9700
Fax: 617.742.9701
dpastor@pastorlawoffice.com

*Local Counsel for Plaintiffs Brian Conway and*
*Pamela Brown*

Andrew W. Ferich (admitted *pro hac vice*)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
aferich@ahdootwolfson.com

Robert Ahdoot (admitted *pro hac vice*)
Carlynne A. Wagner (admitted *pro hac vice*)
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
rahdoot@ahdootwolfson.com
cwagner@ahdootwolfson.com

*Counsel for Plaintiff Brian Conway*

Mark B. DeSanto (admitted *pro hac vice*)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
mdesanto@bm.net

E. Michelle Drake (admitted *pro hac vice*)

**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5999
Fax: (612) 584-4470
emdrake@bm.net

*Counsel for Plaintiff Pamela Brown*

Gary F. Lynch (*pro hac vice* forthcoming)
Nicholas A. Colella (*pro hac vice* forthcoming)
Patrick D. Donathen (*pro hac vice* forthcoming)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412-322-9243
Email: Gary@lcllp.com
NickC@lcllp.com
Patrick@lcllp.com

*Counsel for Plaintiff Lynne Alexanderowics*

Stephen J. Teti (BBO # 569332)
Karen Hanson Riebel (pro hac vice forthcoming)
Kate M. Baxter-Kauf (pro hac vice forthcoming)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401-2159
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
sjteti@locklaw.com
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com

*Counsel for Plaintiff Brian Ray*

Joseph P. Guglielmo (Bar No. 671410)
Amanda M. Rolon (pro hac vice forthcoming)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com
arolon@scott-scott.com

*Counsel for Plaintiff Veronica Gregory*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 29th day of September 2023, a true and correct copy of the above and foregoing was filed with the Clerk of Court via the Court's CM/ECF system for electronic service on all counsel of record.

*/s/ Patrick J. Sheehan*
Patrick J. Sheehan (BBO 639320)