# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MA and FRED DEVEREAUX, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>　　　　　Defendants. | Case No. 1:23-cv-12059 |
| BRIAN CONWAY, individually and on behalf of all similarly situated persons,<br><br>　　　　　Plaintiff,<br>　v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>　　　　　Defendants. | Case No. 1:23-cv-12076 |
| PAMELA BROWN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>　　　　　Defendants. | Case No. 3:23-CV-12101 |

| | |
|---|---|
| LYNNE ALEXANDEROWICS, individually and on behalf of all similarly situated persons,<br><br>        Plaintiff,<br>  v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>        Defendants. | Case No. 4:23-CV-40125 |
| BRIAN RAY, individually and on behalf of all similarly situated persons,<br><br>        Plaintiff,<br>  v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>        Defendants. | Case No. 1:23-CV-12214 |
| VERONICA GREGORY, individually and on behalf of all similarly situated persons,<br><br>        Plaintiff,<br>  v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>        Defendants. | Case No. 1:23-cv-12225 |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO APPOINT AN EXECUTIVE COMMITTEE PURSUANT TO FED. R. CIV. P. 23(G)**

The Court has reviewed the unopposed Motion to Appoint an Executive Committee Pursuant to Fed. R. Civ. P. 23(g) (the "Motion"), the supporting Memorandum of Law, and the other supporting materials submitted by Plaintiffs Richard Ma, Fred Devereaux, Brian Conway, Pamela Brown, Lynne Alexanderowics, Brian Ray, and Veronica Gregory ("Plaintiffs"). Therefore, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints an Executive Committee comprised of the following: Jason Rathod of Migliaccio & Rathod LLP, Andrew W. Ferich of Ahdoot & Wolfson PC, Mark B. DeSanto of Berger Montague PC, Gary F. Lynch of Lynch Carpenter LLP, Joseph P. Guglielmo of Scott+Scott Attorneys At Law LLP, and Kate Baxter-Kauf of Lockridge Grindal Nauen P.L.L.P., to act on behalf of the Plaintiffs and the class members in the Consolidated Action, with the responsibilities set forth below:

   a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

   b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

   c. Convene meetings amongst counsel;

   d. Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

   e. Delegate specific tasks to other plaintiffs' counsel as needed and appropriate in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

   f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

   g. Monitor the activities of all counsel to ensure that schedules and litigation deadlines are being met and unnecessary expenditures of time and funds

are avoided;

h. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

i. Serve as the primary contact for communications between the Court and other plaintiffs' counsel;

j. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

k. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation; and

l. Performing all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative class.

2. Any additional plaintiffs' counsel will do work in this litigation only at the direction of the Executive Committee. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through the Executive Committee, and no other plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of the Executive Committee.

3. The Executive Committee shall have sole authority to communicate with Defendants' counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. The Executive Committee shall have sole authority to engage in settlement negotiations and enter a settlement with Defendants. Defendants' counsel may rely on all agreements made with he Executive Committee, and such agreements shall be binding on

all other Plaintiffs' counsel.

4.  This Order shall apply to the above-captioned matters, any subsequently consolidated action, and any actions filed in or transferred or removed to this Court relating to the facts and circumstances underlying this litigation.

5.  The Executive Committee must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that the Executive Committee is aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently consolidated with the above actions but who have not yet registered for ECF.

**SO ORDERED.**

Dated: _____, 2023

                                          Hon. Indira Talwani
                                          United States District Judge