# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MA and FRED DEVEREAUX, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>   Defendants. | Case No. 1:23-cv-12059 |
| BRIAN CONWAY, individually and on behalf of all similarly situated persons,<br><br>   Plaintiff,<br><br> v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>   Defendants. | Case No. 1:23-cv-12076 |
| PAMELA BROWN, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>   Defendants. | Case No. 3:23-CV-12101 |

| | |
|---|---|
| LYNNE ALEXANDEROWICS, individually and on behalf of all similarly situated persons,<br><br>                Plaintiff,<br>   v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>                Defendants. | Case No. 4:23-CV-40125 |
| BRIAN RAY, individually and on behalf of all similarly situated persons,<br><br>                Plaintiff,<br>   v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>                Defendants. | Case No. 1:23-CV-12214 |
| VERONICA GREGORY, individually and on behalf of all similarly situated persons,<br><br>                Plaintiff,<br>   v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>                Defendants. | Case No. 1:23-cv-12225 |

**DECLARATION OF ANDREW W. FERICH IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION TO APPOINT AN
<u>EXECUTIVE COMMITTEE PURSUANT TO FED. R. CIV. P. 23(g)</u>**

I, Andrew W. Ferich, declare as follows:

1. I am an adult, I have personal knowledge of the facts stated herein, and I am competent to so testify. I am co-counsel for Plaintiff Brian Conway in the above *Conway* action.

2

I am a partner of Ahdoot & Wolfson, PC ("AW"), and a member in good standing of the bars of the state of Pennsylvania, New Jersey, and the District of Columbia.

2. This Declaration is submitted in support of Plaintiffs' Unopposed Motion to Appoint an Executive Committee Pursuant to Fed. R. Civ. P. 23(g). I make the following declaration based upon my own personal knowledge and, where indicated, as based on information and belief, that the following statements are true. If called upon as a witness, I could and would competently testify as follows:

## BACKGROUND

3. On September 8, 2023, my firm filed the second action nationally relating to the data disclosure (the "Data Disclosure") reported by MAPRE U.S.A. Corp. ("MAPFRE") and The Commerce Insurance Company ("Commerce") (collectively, "MAPFRE" or "Defendants"), captioned as *Conway v. MAPFRE U.S.A. Corp. et al*, 3:23-CV-12076 (Talwani, J.) ("*Conway* Action") in the United States District Court for the District of Massachusetts.

4. Five other related actions are also pending before this Court and were filed separately: *Ma et al v. MAPFRE U.S.A. Corp. et al*, 1:23-CV-12059 (Talwani, J.) ("*Ma* Action") (filed by Migliaccio & Rathod LLP); *Brown v. MAPFRE U.S.A. Corp et al*, 3:23-CV-12101 (Talwani, J.) ("*Brown* Action") (filed by Berger Montague PC), *Alexanderowics v. MAPFRE U.S.A. Corp et al*, 4:23-CV-40125 ("*Alexanderowics* Action") (filed by Lynch Carpenter LLP), *Ray v. MAPFRE U.S.A. Corp et al*, 1:23-CV-12214 ("*Ray* Action") (filed by Lockridge Grindal Nauen P.L.L.P.); and *Gregory v. MAPFRE U.S.A. CORP et al*, 1:23-cv-12225 ("*Gregory* Action") (filed by Scott+Scott Attorneys At Law LLP).

5. To date, the *Ma*, *Conway*, *Brown, Alexanderowics, Ray, and Gregory* actions (the "Related Actions") are the only class actions that have been filed related to the Data Disclosure.

3

6.Migliaccio & Rathod LLP ("M&R"), Ahdoot & Wolfson PC ("AW"), Berger Montague PC ("BM"), Lynch Carpenter LLP ("LC"), Scott+Scott Attorneys At Law LLP ("S+S"), and Lockridge Grindal Nauen P.L.L.P. ("LGN") each filed separate actions but have agreed to combine forces to voluntarily coordinate and jointly litigate for the benefit of the class. Through the private ordering process, Proposed Counsel are requesting appointment of myself, Mr. Rathod of M&R, Mr. DeSanto of BM, Mr. Lynch of LC, Joseph P. Guglielmo of S+S, and Kate Baxter-Kauf of LGN to an Executive Committee. Defendants do not oppose the requested appointments.

7.As has been the case in the past, AW is committed to working cooperatively and efficiently on behalf of Plaintiffs and the proposed class.

**MR. FERICH AND AHDOOT & WOLFSON'S EFFORT AND COMMITMENT OF RESOURCES ON BEHALF OF CLASS MEMEBRS**

8.Even at this early stage in the litigation, AW has shown diligence and commitment to investigating claims on behalf of the class of victims impacted by the Data Disclosure. Prior to commencing this litigation, AW thoroughly investigated potential legal claims (and potential defenses thereto) arising from MAPFRE's decision to affirmatively display consumers' sensitive personal information to unauthorized third parties, as well as MAPFRE's failure to implement adequate and reasonable data security procedures and protocols necessary to protect such information.

9.I am familiar with the facts and legal issues in this matter and intend to continue their pursuit of the claims on behalf of Plaintiffs and the class.

10.AW's work on behalf of Plaintiffs and class members (much of which is ongoing), includes, but is not limited to:

4

- Investigated the circumstances surrounding the Data Disclosure;

- Articulated the nature of the Data Disclosure in a detailed complaint;

- Stayed abreast of and analyzed reports, articles, and other public materials discussing the Data Disclosure and describing MAPFRE's challenged conduct;

- Reviewed public statements from MAPFRE concerning the Data Disclosure, including the contents of the breach notification letter sent to impacted class members;

- Researched MAPFRE's corporate structure and potential co-defendants;

- Fielded numerous contacts from potential class members inquiring about this matter;

- Investigated the nature of the challenged conduct at issue here by interviewing multiple potential clients who contacted my firm;

- Investigated the adequacy of Mr. Conway to represent the putative class;

- Drafted and filed an initial complaint against MAPFRE, and initiated service of that complaint on MAPFRE;

- Communicated with other members of the proposed Executive Committee regarding the most efficient manner to organize this litigation;

- Successfully engaged in private ordering and self-organizing leadership in this litigation with counsel in all Related Actions, securing their support to serve on an Executive Committee; and

- Communicated with counsel for MAPFRE regarding case management and organizational issues.

11. AW has committed appropriate, yet substantial, time and resources to organizing

and working collaboratively toward the advancement of the litigation and will continue to do so. As a result of these efforts, as well as prior experience with the factual circumstances and legal claims involved in this type of data privacy case, AW and its co-counsel have developed a clear understanding of the claims. AW will continue to devote substantial effort and resources necessary for advancing the claims of Plaintiffs and the proposed class.

## AHDOOT & WOLFSON, PC FIRM EXPERIENCE

12.     In March 1998, Tina Wolfson and Robert Ahdoot founded AW, now a nationally recognized law firm that specializes in complex and class action litigation, with a focus on privacy rights, consumer fraud, anti-competitive business practices, employee rights, defective products, civil rights, and taxpayer rights. The attorneys at AW are experienced litigators who have often been appointed by state and federal courts as lead class counsel, including in multidistrict litigation. In over two decades of its successful existence, AW has successfully vindicated the rights of millions of class members in protracted, complex litigation, conferring hundreds of millions of dollars to the victims, and affecting real change in corporate behavior. A copy of AW's firm resume is attached hereto as **Exhibit A.**

13.     AW has been on the cutting-edge of privacy litigation since the late 1990s, when its attorneys successfully advocated for the privacy rights of millions of consumers against major financial institutions based on the unlawful compilation and sale of detailed personal financial data to third-party telemarketers without consumers' consent. While such practices later became the subject of Gramm-Leach-Bliley Act regulation, they were novel and hidden from public scrutiny at the time AW was prosecuting them. Our work shed light on how corporations and institutions collect, store, and monetize mass data, leading to governmental regulation. AW has been at the forefront of privacy-related litigation since then.

14. AW has been appointed lead counsel in numerous complex consumer class actions. The following are some examples of recent class actions that AW has litigated to conclusion or are currently litigating on behalf of clients - either as Class Counsel, proposed Class Counsel or members of a Court appointed Plaintiff Steering Committee. *See* Ex. A.

15. As co-lead counsel with Berger Montague, AW is currently litigating *In re GEICO Customer Data Breach Litigation*, Case No. 1:21-cv-02210-KAM-SJB (E.D.N.Y), a similar data privacy lawsuit involving another insurance company's unauthorized disclosure of driver's license numbers alleged to be in contravention of the Driver's Privacy Protection Act ("DPPA"). Together with Berger Montague, AW drafted a winning motion to dismiss opposition that allowed the putative class's DPPA claim, among others, to survive.

16. As co-lead counsel in *In re Zoom Video Communications, Inc. Privacy Litigation*, No. 5:20-cv-02155-LHK (N.D. Cal.) (Hon. Lucy H. Koh), AW achieved an $85 million settlement, that provides monetary relief to Zoom users who submit a claim for payment and comprehensive injunctive relief which addresses the privacy issues on which Plaintiffs' claims were based. This settlement received final approval.

17. As co-lead counsel in the *Experian Data Breach Litigation*, No. 8:15-cv-01592-AG-DFM (C.D. Cal.) (Hon. Andrew J. Guilford), which affected nearly 15 million class members, AW achieved a settlement conservatively valued at over $150 million. Under that settlement, each class member was entitled to two years of additional premium credit monitoring and ID theft insurance (to begin whenever their current credit monitoring product, if any, expires) plus monetary relief (in the form of either documented losses or a default payment for non-documented claims). Experian also provided robust injunctive relief. Judge Guilford praised counsel's efforts and efficiency in achieving the settlement, commenting "You folks have truly done a great job,

both sides. I commend you."

18. AW was appointed co-lead class counsel in *Rivera v. Google LLC*, No. 2019-CH-00990 (Ill Cir. Ct.) (Hon. Anna M. Loftus), a class action arising from Google's alleged illegal collection, storage, and use of the biometric data of individuals who appear in photographs uploaded to Google Photos in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"); AW achieved a settlement that establishes a $100 million non-reversionary cash settlement fund and changes Google's biometric privacy practices for the benefit of class members. The settlement received final approval.

19. As a member of a five-firm Plaintiffs' Steering Committee ("PSC") in the *Premera Blue Cross Customer Data Sec. Breach Litigation*, No. 3:15-cv-2633-SI (D. Or.) (Hon. Michael H. Simon), arising from a data breach disclosing the sensitive personal and medical information of 11 million Premera Blue Cross members, AW was instrumental in litigating the case through class certification and achieving a nationwide class settlement valued at $74 million.

20. AW's efforts have shaped privacy law precedent. As lead counsel in *Remijas v. Neiman Marcus Group, LLC*, No. 14-cv-1735 (N.D. Ill.) (Hon. Sharon Johnson Coleman), AW successfully appealed the trial court's order granting a motion to dismiss based on lack of Article III standing. The Seventh Circuit's groundbreaking opinion, now cited routinely in briefing on Article III and data breach standing, was the first appellate decision to consider the issue of Article III standing in data breach cases in light of the Supreme Court's decision in *Clapper v. Amnesty International USA*, 568 U.S. 398 (2013). The Seventh Circuit concluded that data breach victims have standing to pursue claims based on the increased risk of identity theft and fraud, even before that theft or fraud materializes in out-of-pocket damages. *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688 (7th Cir. 2015) (reversed and remanded).

21. Similarly, in the *U.S. Office of Personnel Management Data Security Breach Litigation*, No. 1:15-mc-1394-ABJ (D.D.C.) (Hon. Amy Berman Jackson), I was chosen by Judge Jackson to serve as a member of the Plaintiffs' Steering Committee. AW briefed and argued, in part, the granted motions to dismiss based on standing, and briefed in part the successful appeal to the D.C. Circuit.

22. AW's other ongoing privacy class actions include *In re Ring LLC Privacy Litigation*, No. 2:19-cv-10899-MWF-RAO (C.D. Cal.) (Hon. Michael W. Fitzgerald) (serving as co-lead counsel), *In re Google Location History Litigation*, No. 5:18-cv-5062-EJD (N.D. Cal.) (Hon. Edward J. Davila) (same), and *In re Ambry Genetics Data Breach Litigation*, No. 8:20-cv-791-CJC-KES (C.D. Cal.) (Hon. Cormac J. Carney) (same).

23. AW attorneys also have served or are serving as plaintiffs' counsel in consumer privacy rights cases involving the right to control the collection and use of biometric information. *See, e.g., Rivera, supra*; *Azzano v. Google LLC*, No. 2019-CH-11153 (Ill. Cir. Ct.) (Hon. Anna M. Loftus); *Molander v. Google LLC*, No. 5:20-cv-00918-SVK (N.D. Cal.) (Hon. Susan van Keulen); and *Acaley v. Vimeo, Inc.*, No. 1:19-cv-7164 (N.D. Ill.) (Hon. Matthew F. Kennelly).

24. In addition, AW has served or is serving as plaintiffs' counsel in class actions enforcing consumer rights under the Telephone Consumer Protection Act of 1991 ("TCPA"), such as *Chimeno-Buzzi v. Hollister Co*., No. 1:14-cv-23120-MGC (S.D. Fla.) (Hon. Marcia G. Cooke) (class counsel in $10 million nationwide settlement) and *Melito v. American Eagle Outfitters, Inc.*, No. 1:14-cv-02440-VEC (S.D.N.Y.) (Hon. Valerie E. Caproni) ($14.5 million nationwide settlement).

25. I joined AW as a partner at the age of only 33, and already have extensive experience serving in leadership and support roles in data privacy class action cases and other

complex actions. For example, I was at the forefront of the highly publicized Accellion FTA data breach litigation announced in late 2020, and zealously prosecuted cases against Accellion and three of its customers that were impacted by this massive breach. In one of cases, final approval of the settlement was granted, and I was appointed as class counsel. *See Cochran, et al. v. The Kroger Co., et al.*, No. 5:21-cv-01887-EJD (N.D. Cal.), ECF No. 115 (granting final approval of nationwide settlement that provides $5 million non-reversionary fund and appointing me and AW as class counsel with co-counsel). Settlement of another impacted Accellion client—HealthNet— is currently pending preliminary approval.

26. I am principally involved in litigating *In re GEICO Customer Data Breach Litig.*, 1:21-cv-02210-KAM-SJB (E.D.N.Y.) on behalf of AW, where AW is appointed co-lead class counsel in that matter. The *GEICO* litigation is similar to this litigation in that it involves allegations that another large insurance company violated the DPPA (and other laws) by utilizing a pre-fill feature on its online insurance quoting tool that auto-populated driver's license numbers and other sensitive personal information during the insurance quoting process.

27. I am appointed class counsel in the following data privacy matters, among others:

- *Leitermann et al v. Forefront Dermatology SC, et al.*, No. 1:21-cv-00887-LA (E.D. Wis.), where the district court granted final approval of a settlement in a medical privacy matter that included a $3.75 million common fund and appointed me as co-lead class counsel;

- *Smeltz, et al. v. Logan Health, et al.,* No. A-DV-22-0124 (8th Judicial District Court, Cascade County Mar. 31, 2022), a medical data breach class action where the sensitive information of hundreds of thousands of Montanans was reportedly exposed to cybercriminals. I, with co-counsel, achieved a $4.3 million common fund settlement with the defendant that has received final approval from the court;

- *In re Keystone Data Breach Litig.*, No. 1:22-cv-01643-CCC (M.D. Pa.), a health information data breach impacting hundreds of thousands of Pennsylvanians, where I was appointed class counsel. Final approval of a $900,000 non-

reversionary common fund settlement was granted in Pennsylvania state court, where I am appointed lead settlement counsel.

- *Kesner et al. v. UMass Memorial Health Care, Inc.*, No. 2185 CV 01210 (Mass. Super. Ct.), a medical data breach case where the parties agreed to a $1.2 million common fund settlement that has received final approval from the court—I am appointed co-lead class counsel;

- *McCullough v. True Health New Mexico, Inc*., No. D-202-CV-2021-06816 (New Mexico 2d Judicial Dist. Court), a medical data breach where the parties' nationwide class settlement providing numerous benefits to class members recently received final settlement approval. I was appointed co-lead class counsel;

- *Lukens v. Utah Imaging Associates, Inc.*, No. 210906618 (Utah 3d Dist. Court, Salt Lake County), a medical data breach case where the parties agreed to a $2.1 million common fund settlement that has received preliminary approval from the court with final approval pending—I am appointed co-lead class counsel;

- *In re: Eskenazi Health Data Incident Litig.*, No. 49D01-2111-PL-038870 (Ind. Comm. Ct. Jan. 24. 2022), where I was appointed to the plaintiffs' steering committee in a ransomware class action lawsuit involving disclosure of sensitive medical information and other person information;

- *Barletti, et al. v. Connexin Software, Inc.*, No. 2:22-cv-04979 (E.D. Pa.), a hub-and-spoke data breach class action involving a breached software vendor that provides services to pediatric health practices, resulting in the exposure of millions of minors' sensitive information. I am appointed to the plaintiffs' steering committee; and

- *Perdue et al. v. Hy-Vee, Inc.*, No. 1:19-cv-01330 (C.D. Ill.), a payment card data breach that exposed the sensitive payment card information of millions of class members. *Id.,* ECF No. 62, at 3. My efforts on behalf of the class resulted in the creation of an uncapped claims settlement providing cash payments to class members, and Hy-Vee committing at least $20 million to data security improvements. *Id*., ECF No. 58, at 4.

28. I also played a critical role in litigating the high-profile data privacy lawsuit *In re Wawa, Inc. Data Sec. Litig*., 2:19-cv-06019 (E.D. Pa.).

29. I and my firm have led and continue to lead or provide supporting litigation in many high-profile privacy cases, including those involving data privacy (e.g., *Zoom*, *Ring*), data

breaches (e.g., *Experian*, *Premera*, *Home Depot*, *OPM*, *Chipotle*, *The Kroger Co.*), geo-location tracking (e.g., *Google Location History Litigation*), collection and storing of biometric information (e.g., *Google*, *Shutterfly*, *Vimeo*), and TCPA violations (e.g., *Hollister*, *American Eagle*), as well as many other types of consumer class actions (e.g., *Eck* - $295 million class settlement against City of Los Angeles for unlawful utility taxes).

30.     AW has decades of experience in the prosecution of class actions, including data breach and privacy lawsuits such as this action. Given AW's proven track record of experience and results, and its specific expertise in data privacy class action litigation, AW understands the time and resources necessary to pursue this action to a successful resolution and can more than adequately represent the Settlement Class.

31.     If appointed to the Executive Committee, I will be aided in litigating this matter on behalf of the class by AW co-founder Robert Ahdoot, and AW associate attorney Carlynne Wagner. Mr. Ahdoot is a founding member of AW. Mr. Ahdoot graduated from Pepperdine Law School *cum laude* in 1994, where he served as Editor of the Pepperdine Law Review. Mr. Ahdoot clerked for the Honorable Paul Flynn at the California Court of Appeals. Since co-founding AW in 1998, Mr. Ahdoot has successfully litigated and resolved hundreds of consumer class actions and other complex cases. Mr. Ahdoot has led and is leading many privacy cases to successful resolution, including those involving data privacy, data breaches, and the collection and storing of biometric information (e.g., *Google, Shutterfly, Vimeo*), and TCPA violations (e.g., *Hollister, American Eagle*), as well as many other types of consumer class actions (e.g., *Eck* - $295 million class settlement for unlawful utility taxes; *Lavinsky*, $51 million class settlement for unlawful natural gas taxes). Ms. Wagner is a rising third-year associate at AW and a member of the State Bar of Pennsylvania. She graduated *cum laude* from Villanova University

School in 2021. Throughout her law school career, Ms. Wagner cultivated a diverse experience advocating for indigent clients as a student attorney for the Villanova's Health Law Clinic, as well as interning for the Executive Office for Immigration Review, the Honorable Michael Baylson of the U.S. District Court for the Eastern District of Pennsylvania, and the Philadelphia Court of Common Pleas Criminal Division. Ms. Wagner began her legal career at Philadelphia class action law firm focusing on consumer protection and ERISA cases. Since joining AW, Ms. Wagner has gained substantial experience litigating data privacy class action lawsuits, most notably *In re GEICO*.

32. I, along with my partner Robert Ahdoot, associate Carlynne Wagner, and all the attorneys at AW possesses the experience, expertise, and resources to effectively litigate any all issues related to this litigation.

33. If appointed as an Executive Committee member, I will deploy my firm's resources efficiently for the benefit of the Plaintiffs and the class they seek to represent. AW has never used litigation funding to aid in prosecuting litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of September 2023, at Radnor, Pennsylvania.

_____
ANDREW W. FERICH