**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| RICHARD MA and FRED DEVEREAUX, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 1:23-cv-12059 |
| BRIAN CONWAY, individually and on behalf of all similarly situated persons,<br><br>    Plaintiff,<br><br> v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 1:23-cv-12076 |
| PAMELA BROWN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 3:23-CV-12101 |

| | |
|---|---|
| LYNNE ALEXANDEROWICS, individually and on behalf of all similarly situated persons,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>Defendants. | Case No. 4:23-CV-40125 |
| BRIAN RAY, individually and on behalf of all similarly situated persons,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>　　　　　　Defendants. | Case No. 1:23-CV-12214 |
| VERONICA GREGORY, individually and on behalf of all similarly situated persons,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>　　　　　　Defendants. | Case No. 1:23-CV-12225 |

**DECLARATION OF JOSEPH P. GUGLIELMO IN SUPPORT OF PLAINTIFFS'
MOTION TO APPOINT AN EXECUTIVE COMMITTEE
<u>PURSUANT TO FED. R. 23(G)</u>**

I, Joseph P. Guglielmo, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1. I am an attorney duly license to practice law in New York State, the Commonwealth of Massachusetts, and the District of Columbia. I am also admitted to practice before the United States District Courts for the Southern, Eastern and Western Districts of New York, the Districts of Colorado, District of Columbia, District of Connecticut, the Northern District of Illinois, District of Maryland, District of Massachusetts, the Eastern District of Wisconsin, the Judicial Panel on Multidistrict Litigation, the Courts of Appeals in the First, Second, Third, Sixth, Ninth and Eleventh Circuits and the United States Supreme Court.

2. I am a partner at Scott+Scott Attorneys at Law LLP ("Scott+Scott") and counsel for Plaintiff Lynne Alexanderowics in this litigation. I have personal knowledge of the matters stated in this declaration except those stated on information and belief, and as to those, I believe them to be true. If called upon, I could and would competently testify to them.

3. I am one of Plaintiff's counsel in *Alexanderowics v. MAPFRE USA Corp.*, *et al.*, Case No. 4:23-CV-40125 (D. Mass) and in *Gregory v. MAPFRE USA Corp.*, *et al.*, Case No. 1:23-CV-12225 (D. Mass). I submit this declaration in support of Plaintiffs' Unopposed Motion to Consolidate Related Actions and Appoint Interim Co-Lead Class Counsel, which among other things, moves the Court to appoint as interim co-lead counsel: Jason Rathod of Migliaccio & Rathod LLP ("M&R"), Andrew W. Ferich of Ahdoot & Wolfson PC ("AW"), Mark B. DeSanto of Berger Montague PC ("BM"), Gary F. Lynch of Lynch Carpenter LLP, Joseph P. Guglielmo of Scott + Scott Attorneys At Law LLP, and Kate Baxter-Kauf of Lockridge Grindal Nauen P.L.L.P. (collectively, "Proposed Counsel").

**EXPERIENCE**

4.      I am the Chair of Scott+Scott's Consumer Practice Group and have been appointed to leadership positions in severe data breach and privacy class actions. Scott+Scott was founded in 1975 and is comprised of more than 100 attorneys supported by a seasoned staff of paralegals, IT and document management professionals, financial analysts, and in-house investigators. Scott+Scott's largest offices are in New York, NY and San Diego, CA, with additional U.S. offices located in Connecticut, Virginia, Ohio, Texas and Arizona. The Firm's European offices are currently located in London, Amsterdam, and Berlin. Scott+Scott has in-house e-discovery capabilities, and a team of litigation support professionals that manage document repositories for numerous class actions.

5.      I have extensive experience prosecuting data breach and privacy class actions having been involved in all aspects of such litigation—including meeting and counseling clients in the wake of a breach, drafting consolidated complaints, negotiating ESI and discovery protocols (including search terms and custodians), drafting and responding to written discovery, taking and defending numerous depositions, selecting and working with liability and damage experts, drafting response briefs to motions to dismiss, managing discovery of plaintiffs, negotiating settlements (with and without the use of third-party mediators), and briefing and arguing appeals.

6.      I have served as lead or co-lead counsel in numerous data breach class actions. I was appointed co-lead counsel in *In re Equifax, Inc. Customer Data Security Breach Litigation*, No. 1:17-md-02800 (N.D. Ga.) and obtained a settlement of $32.5 million on behalf of class of financial institutions injured as a result of the 2017 Equifax data breach. I was appointed co-lead counsel in *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, MDL No. 2583 (N.D. Ga.) and obtained a settlement of $27.25 million on behalf of a class of financial institutions

involving data breach. I was also counsel in *First Choice Federal Credit Union v. The Wendy's Company*, No. 16-cv-00506 (W.D. Pa.) and obtained a $50 million settlement involving data breach and the theft of personal and financial information. I was co-lead counsel in *Veridian Credit Union v. Eddie Bauer LLC*, 2:17-cv-356 (W.D. Wash.) where we obtained a $2.7 million settlement for the financial institution class.

7. I also have substantial experience and have been appointed to leadership positions in litigation claims concerning data privacy and the collection and/or interception of equally sensitive information including in *Lopez v. Apple, Inc.*, No. 3:19-cv-04577 (N.D. Cal.) and *In Re: Zillow Group, Inc. Session Replay Software Litigation*, No. 2:22-cv-01282-JLR (W.D. Wa.). I was also a member of the litigation team and a signatory of a $92 million settlement with *TikTok in In re TikTok, Inc., Consumer Privacy Litigation*, No. 1:20-cv-04699 (N.D. Ill.), which involved violations of biometric and related privacy-related claims on behalf of consumers, including minors, who utilized the TikTok application.

8. Recently I served as co-lead counsel and trial counsel in *In re Disposable Contact Lens Antitrust Litig.*, No. 3:15-md-02626 (M.D. Fla.), a MDL proceeding where the district court certified several horizontal and vertical nationwide antitrust classes, and where settlements totaling $118 million were obtained on the eve of trial.

9. The attorneys in Scott+Scott's Consumer Practice Group have also been appointed to numerous leadership positions in data privacy and data breach class actions.

**PRE-SUIT INVESTIGATION**

10. I, and other attorneys at Scott+Scott, have dedicated substantial time and resources to this litigation and will continue to commit all necessary resources to litigating these cases. My firm and I investigated all aspects of this litigation, including the details of the data disclosure,

Defendants MAPFRE U.S.A. Corp. and the Commerce Insurance Co., the impact of the data disclosure on consumers, and relevant law and causes of action before filing this action.

11. In the course of investigating this case, my firm researched, among other things: the causes of the data disclosure, the number and location of persons affected by the data disclosure, the nature of the information included in the disclosure, details of each Defendant's business and activities, Defendants' public statements regarding the data disclosure, the notices sent to persons affected by the data disclosure, and class member experiences concerning the data disclosure and its consequences.

12. Scott+Scott is committed to my ongoing involvement in this litigation and will devote the resources necessary for the litigation, including factual and legal work, discovery and expert work. To date, Scott+Scott has devoted significant time and resources towards drafting the initial complaint and researching the claims and will spend the time and resources necessary to ensure the best possible outcome for Plaintiffs and the putative class, including advancing costs and expenses. Scott+Scott does not use, and has never required, third-party litigation funding. It also has substantial cash reserves to fund the litigation.

13. Scott+Scott has substantial resources to litigate this action. Scott+Scott routinely advances millions of dollars on behalf of clients to fund their cases. For instance, Scott+Scott was appointed co-lead counsel in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 1:13-cv-07789-LGS (S.D.N.Y), which involved litigated claims against dozens of international financial institutions responsible for the manipulation of foreign exchange rates. For approximately a decade Scott+Scott prosecuted claims against certain financial institutions and ultimately reached settlements in excess of $2.3 billion.

14.     I believe that the appointment of Proposed Counsel as Interim Class Counsel will lead to the most efficient and organized litigation of these cases as possible.

15.     A copy of my firm's resume is attached hereto as **Exhibit A**.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of September 2023, at New York, New York.

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
