# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MA and FRED DEVEREAUX, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>     v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>                Defendants. | Case No. 1:23-cv-12059 |
| BRIAN CONWAY, individually and on behalf of all similarly situated persons,<br><br>                Plaintiff,<br>     v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>                Defendants. | Case No. 1:23-cv-12076 |
| PAMELA BROWN, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>     v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>                Defendants. | Case No. 3:23-CV-12101 |

| | |
|---|---|
| LYNNE ALEXANDEROWICS, individually and on behalf of all similarly situated persons,<br><br>               Plaintiff,<br>   v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>Defendants. | Case No. 4:23-CV-40125 |
| BRIAN RAY, individually and on behalf of all similarly situated persons,<br><br>               Plaintiff,<br>   v.<br><br>MAPFRE U.S.A. CORP. and THE COMMERCE INSURANCE COMPANY,<br><br>               Defendants. | Case No. 1:23-CV-12214 |

**DECLARATION OF GARY F. LYNCH IN SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

I, Gary F. Lynch, declare as follows:

1.  I am an attorney admitted to practice law in the Commonwealth of Pennsylvania and have been engaged in the practice of law for over thirty-four years, with the majority of my career dedicated to representing plaintiffs in the litigation of complex/class actions. I am a founding partner of Lynch Carpenter LLP ("Lynch Carpenter"), which is a 22-lawyer plaintiff-side class action firm with offices in Pennsylvania, Illinois, and California and counsel for Plaintiff Lynne Alexanderowics in this litigation. I have personal knowledge of the matters stated in this declaration except those stated on information and belief, and as to those, I believe them to be true. If called upon, I could and would competently testify to them.

2.  I am one of Plaintiff's counsel in *Alexanderowics v. MAPFRE USA Corp.*, *et al.*, Case No. 4:23-CV-40125 (D. Mass). I submit this declaration in support of Plaintiffs' Unopposed Motion to Appoint an Executive Committee Pursuant to Fed. R. Civ. P. 23(g), which among other things, moves the Court to appoint an Executive Committee comprised of the following: Jason Rathod of Migliaccio & Rathod LLP, Andrew W. Ferich of Ahdoot & Wolfson PC, Mark B. DeSanto of Berger Montague PC, Gary F. Lynch of Lynch Carpenter LLP, Joseph P. Guglielmo of Scott+Scott Attorneys At Law LLP, and Kate Baxter-Kauf of Lockridge Grindal Nauen P.L.L.P. (collectively, "Proposed Counsel").

## EXPERIENCE

3.  Lynch Carpenter has, and will have the experience, expertise, and resources to effectively litigate any and all issues related to this litigation.

4.  I have extensive experience prosecuting data breach and privacy class actions having been involved in all aspects of such litigation—including meeting and counseling clients in the wake of a breach, drafting consolidated complaints, negotiating ESI and discovery protocols

(including search terms and custodians), drafting and responding to written discovery, taking and defending numerous depositions, selecting and working with liability and damage experts, drafting response briefs to motions to dismiss, managing discovery of plaintiffs, negotiating settlements (with and without the use of third-party mediators), and briefing and arguing appeals.

5. I have been appointed as lead or co-lead class counsel in many of the largest and most complex data breach and privacy cases over the past decade, including: *In re Equifax, Inc.*, MDL 2800 (N.D. Ga.) ($7.75 million settlement for the financial institution class.); *In re The Home Depot, Inc.*, MDL 2583 (N.D. Ga.) ($27 million settlement for the financial institution class.); *First Choice Fed. Credit Union v. The Wendy's Co.*, 2:16-cv-00506 (W.D. Pa.) ($50 million settlement for the financial institution class); *Veridian Credit Union v. Eddie Bauer LLC*, 2:17-cv-356 (W.D. Wash.) ($2.7 million settlement for the financial institution class; and *In re Wawa, Inc. Data Security Litig.*, No. 19-cv-6019 (E.D. Pa) ($37 million settlement for the financial institution class, as mediated by former Magistrate Judge Diane Welsh; preliminary approval pending.).

6. I have also served in leadership committee positions in many other data breach/privacy cases, including: *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL 2522 (D. Minn.) (appointed to the Executive Committee managing the litigation on behalf of all plaintiffs (consumers, financial institution, and shareholders). The case was ultimately settled for $10 million (for consumers) and $39 million (for financial institutions)); *In re Marriott Int'l Customer Data Security Breach Litig.*, MDL No. 2879 (D. Md.); *In re: Cmty. Health Sys., Inc.*, *Customer Sec. Data Breach Litig.*, MDL 2595, 15-cv-0222 (N.D. Ala.); *In re: Arby's Rest. Group, Inc. Data Sec. Litig.*, 17-mi-55555 (N.D. Ga.); *Greater Chautauqua Fed. Credit Union et al v. Kmart Corp.*, 15-cv-02228 (N.D. Ill.); *In re Vizio, Inc. Consumer Privacy Litig.*, MDL 2693 (C.D. Cal.) (consumer privacy breach, steering committee; $17 million settlement); and *In re: Ashley*

*Madison Customer Data Sec. Breach Litig.*, 4:15-md-02669 (E.D. Mo.) (consumer data breach, executive committee; $11.2 million settlement), to name just a few examples.

7. Further, my efforts have also directly developed the law in favor of data breach and privacy victims. For example, in 2018, I argued and forged the development of common law protections against the mishandling of digitally stored data in the seminal Pennsylvania Supreme Court decision in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018). In *Dittman*, the Pennsylvania Supreme Court issued a landmark opinion—reversing two lower courts—acknowledging that general principles of negligence support holding those who collect and store personally identifying information to a common law duty to reasonably safeguard such information from cyber-attack. *See id.* at 1047. The court also clarified that Pennsylvania's economic loss doctrine does not apply where a tort duty exists independent of any contract.

8. In addition to myself, the other attorneys at my firm are well-versed in data breach and privacy litigation with many of Lynch Carpenter's younger attorneys having been appointed to leadership roles in data breach and privacy multi-district or otherwise consolidated litigation. *See, e.g.*, *In re TikTok, Inc., Consumer Privacy Litig.*, No. 20-cv-4699 (MDL No. 2948) (N.D. Ill.); *Kolstedt v. TMX Finance Corporate Services, Inc.*, 4:23-cv-00076 (S.D. Ga.); *In re: Apple Data Privacy Litig.*, 5:22-cv-07069 (N.D. Cal.); *In Re: BPS Direct LLC, and Cabela's LLC, Wiretapping Litigation*, MDL 3074 (E.D. Pa.); *Lewert v. PF Chang's China Bistro, Inc.*, No. 1:14-cv-04787 (N.D. Ill.); *Baker v. Parkmobile, LLC*, 1:21-cv-02182-SCJ (N.D. Ga.); *Biscan v. Shields Health Care Group, Inc.*, 1:22-cv-010901 (D. Mass.); and *In re Blackbaud, Inc. Customer Data Breach Litig.*, MDL 2972 (D.S.C.).

9. My firm and I also are experienced litigating the type of data disclosure at issue in the cases at hand as we are currently serving as co-lead counsel in a similar case against another

automobile insurance company. *See In re USAA Data Security Litig.*, 7:21-cv-05813-VB (S.D.N.Y.).

## PRE-SUIT INVESTIGATION

10.     I, and other attorneys at Lynch Carpenter, have dedicated substantial time and resources to this litigation and will continue to commit all necessary resources to litigating these cases. My firm and I investigated all aspects of this litigation, including the details of the data disclosure, Defendants MAPFRE U.S.A. Corp. and the Commerce Insurance Co., the impact of the data disclosure on consumers, and relevant law and causes of action before filing this action.

11.     In the course of investigating this case, my firm researched, among other things: the causes of the data disclosure, the number and location of persons affected by the data disclosure, the nature of the information included in the disclosure, details of each Defendant's business and activities, Defendants' public statements regarding the data disclosure, the notices sent to persons affected by the data disclosure, and class member experiences concerning the data disclosure and its consequences.

12.     My firm and I are prepared and able to spend all the necessary time and resources to ensure the best representation for Plaintiffs and the putative class, including advancing costs and expenses. My firm does not use, and has never required, third-party litigation funding. It also has substantial cash reserves to fund the litigation.

13.     I believe that the appointment of Proposed Counsel as Interim Class Counsel will lead to the most efficient and organized litigation of these cases as possible.

14.     A copy of my firm's resume is attached hereto as **Exhibit A**.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of September, 2023, at Pittsburgh, Pennsylvania.

<u>/s/ Gary F. Lynch</u>
*Gary F. Lynch*